Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3504 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Directv, Inc. vs. Perez, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Perez's Motion to Dismiss Count III of the Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, Defendant Fermin Perez's Motion to Dismiss Count III of Plaintiff's Complaint [No. 5] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 1 0 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 15 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DIRECTV, Inc., )
) No. 03 C 3504
        Plaintiff, )
) HONORABLE DAVID H. COAR
v. )
)
FERMIN PEREZ, et al. )
)
)
        Defendants. )

DOCKETED
SEP 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc., has sued Defendant Fermin Perez and others for violations of, among other statutes, provisions of 18 U.S.C. § 2512 under 18 U.S.C. § 2520. Defendant Perez has moved to dismiss Count III of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issue fully and it is now ripe for decision.

### Factual and Procedural Background

On May 22, 2003, Plaintiff Directv, Inc. ("Plaintiff" or "Directv") filed a five count complaint in this Court against all Defendants. In general terms, the Complaint charges the defendants with using pirate materials to intercept satellite signals that are intended solely for Plaintiff's paying customers. Count III, which Defendant Perez seeks to dismiss here, alleges that defendants knowingly possessed, manufactured, or assembled devices primarily useful for surreptitious interception of electronic communication that had been sent through the mail in violation of 18 U.S.C. § 2512. Count III also incorporates by reference the earlier allegations that the defendants intercepted, disclosed, and/or intentionally used Plaintiff's electronic

1



communications.

The Court accepts the well-pleaded allegations of the Complaint as true on a Motion to Dismiss. In his Motion, Defendant Perez wisely does not seek to challenge the facts in the Complaint. Instead, Perez' Motion to Dismiss rests solely on the argument that, as a matter of law, 18 U.S.C. § 2520 does not support a civil cause of action for violations of 18 U.S.C. § 2512. As with all motions to dismiss, it will only be granted if the facts as alleged would not entitle the plaintiff to relief.

The statute under which this lawsuit is filed is somewhat unusual. Ordinarily, the task of policing violations of the federal criminal code is the exclusive province of the U.S. Attorney's Office. In some areas, though, Congress determines that it is appropriate to provide the opportunity for aggrieved parties to redress their grievances without regard to criminal prosecution. This statute provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to seek damages from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a).

The Defendant's position is that the first clause of § 2520(a) which mentions "intercept[ion], disclos[ure], or intentional use[]" of the electronic communication limits the private right of action to violations of those portions of the chapter which prohibit interception, disclosure, or intentional use. Since § 2512 does not prohibit interception, disclosure, or intentional use of electronic communications, under Defendant's interpretation, a private right of action could not stand based on this section of the chapter.

Defendant seeks support in an unpublished order in litigation from the Middle District of

2

Florida. See Directv, Inc. v. Thacker, No. 6:03-cv-239-Orl-28DAB (M.D. Fla. Apr. 15, 2003) (order dismissing complaint under 18 U.S.C. §2512 without prejudice) (attached to Def. Mot. Dismiss). The order in that case does not support Defendant's position, though, as it dismissed the complaint with leave to amend due to a pleading defect. There are two soon to be published cases that do support the Defendant's position. See Directv, Inc. v. Cardona, — F. Supp. 2d —, 2003 WL 21910578, at *7 (M.D. Fla. July 8, 2003); Directv, Inc. v. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 (E.D. Va. June 20, 2003). In Cardona, the court unambiguously held that civil liability under 18 U.S.C. § 2520 is limited to "persons who intercept, disclose, or use electronic communications; that class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters." Cardona, — F. Supp. 2d —, 2003 WL 21910578, at *7. Similarly, in Amato, the Court dismissed a complaint under 18 U.S.C. § 2512 because there is no rationale for private recovery for possession. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 ("mere *possession* of [] a device, as banned by § 2512, creates no individualized harm and, thus, no justification for private recovery").

Amato relied on an older case, Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985), to support its conclusion. In Flowers, the Fourth Circuit vacated a jury verdict holding the defendant civilly liable under 18 U.S.C. § 2520 for a violation of 18 U.S.C. § 2512. The Fourth Circuit noted that it was error to "permit[] the jury to consider . . . 18 U.S.C. § 2512 as a basis for imposing civil liability." Flowers, 773 F.2d 585, at 588. According to the Fourth Circuit in Flowers, "The express language of § 2520 is . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." Id. at 589. After the Fourth Circuit's

3

decision in Flowers, the statute was amended to broaden its scope somewhat. Though the Amato court believed Flowers' logic "has not been affected by subsequent statutory amendments," Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4, other courts have disagreed. See Oceanic Cablevision, Inc. v. M.D. Elec., 771 F. Supp. 1019, 1028 (D. Neb. 1991) ("the 1986 amendments to § 2512 extended the statute's scope").

While Defendant's argument is compelling and not without support, the Court does not accept the proffered interpretation of the statute. In this Court's view, 18 U.S.C. § 2520 establishes a standing requirement to initiate suit and identifies the appropriate defendants. In order to initiate a civil action under this statute, the plaintiff must prove that it is a "person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). If the plaintiff can meet that standing threshold, it can then pursue relief from the appropriate defendant (i.e. "the person or entity . . . which engaged in the violation," 18 U.S.C. § 2520(a)) for a violation of any of the subsections of Chapter 119 of Title 18 of the U.S. Code.[1]

This Court does not stand alone. Several other courts to consider this same issue have concluded that 18 U.S.C. § 2520(a) does provide a private right of action for violations of 18 U.S.C. § 2512. See Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1027–29 (D. Neb. 1991) (holding that plaintiff stated a cause of action under § 2520 for a violation of § 2512); Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002) (same). While this interpretation does provide a rather broad ability to bring the private right of action, granting this right of action decreases the burden on already overextended federal prosecutors to

---

[1] Chapter 119 of Title 18 covers sections 2510–2522.

4

pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for interception of electronic communications.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss Count III is denied.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: August 27, 2003**